■ In the Matter of the Claim of ROBERT M. DONAHUE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1968, which determined that claimant voluntarily left his employment without good cause by provoking his discharge. Claimant, a cab driver, was arrested on December 2, 1967 by a State Trooper and charged with driving while intoxicated. The trooper requested him to submit to a blood test for intoxication which he refused to do. He requested an opportunity to consult with legal counsel and about one and one-half hours after the arrest, he conferred with his attorney by telephone. Thereafter, on advice of his counsel, he offered to submit to the test, whereupon he was advised that it was too late. The charge of driving while intoxicated was thereafter dismissed by the court. On February 13, 1968 the Motor Vehicle Bureau held a hearing which resulted in the revocation of claimant's operator's license by reason of his refusal to submit to the test. By reason of the revocation, claimant was unable to continue in his employment as a cab driver and applied for unemployment insurance benefits. By initial determination claimant was held to be disqualified from receiving benefits for voluntarily leaving of employment without good cause. The Referee sustained this determination on the assumption that the determination of the Commissioner of Motor Vehicles was proper. The board affirmed the decision of the Referee granting claimant leave to reopen the case upon a favorable decision in a pending article 78 proceeding to review the determination of the Commissioner of Motor Vehicles which was then pending in this court. In *Matter of Donahue* v. *Tofany* (33 A D 2d 590), this court confirmed the determination of the Commissioner of Motor Vehicles. Whether claimant's refusal to take a chemical test thereby causing the revocation of his license constituted a voluntary leaving of his employment without good cause is a question of fact within the province of the board to determine. The decision of the board is supported by substantial evidence and should not be disturbed. (*Matter of Fishbein* [*Catherwood*], 28 A D 2d 1059.) Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.

■ RALPH E. LEWIS, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 47272.) — MEMORANDUM BY THE COURT. Appeal by the State from a judgment of the Court of Claims, entered January 28, 1969, awarding $11,800 to the claimant as damages for a highway appropriation. Final decision of the appeal was previously withheld and the case remitted to the trial court to formulate adequate findings to permit review of its award (*Lewis* v. *State of New York*, 33 A D 2d 627). The trial court has done as directed and filed the findings herein. The appellant raises no issue as to the computation of the amounts awarded, but seeks to have us reconsider our prior decision. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.