405 So.2d 1020 (1981)
Hardy L. PASCHAL, Appellant,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF EMPLOYMENT SECURITY and Metropolitan Dade County, Appellees.
No. 81-1304.
District Court of Appeal of Florida, Third District.
October 27, 1981.
Rehearing Denied December 4, 1981.
Hardy L. Paschal, in pro. per.
Robert A. Ginsburg, County Atty., and Susan E. Trench, Asst. County Atty., James R. Parks, Tallahassee, for appellees.
Before BARKDULL, SCHWARTZ and JORGENSON, JJ.
*1021 SCHWARTZ, Judge.
Paschal seeks review of a determination of the Unemployment Appeals Commission that he was disqualified from unemployment compensation benefits because he "voluntarily left his employment without good cause attributable to his employer." Section 443.06(1)(a), Florida Statutes (1979). This conclusion was based upon the finding of the appeals referee that the appellant was terminated from his job with the Dade County Welfare Department, which required the use of a privately owned vehicle, after his automobile was repossessed and he did not secure another.[1] We hold that these facts fully justify the determination rendered below. See Echols v. Michigan Employment Security Commission, 880 Mich. 87, 155 N.W.2d 824 (1968) (cab driver laid off because of driver's license suspension left employment voluntarily without good cause attributable to employer); Donahue v. Catherwood, 33 App.Div.2d 848, 305 N.Y.S.2d 827 (1969) (same).
Affirmed.
NOTES
[1] The appeals referee rendered a conclusion of law that the appellant was disqualified because of "misconduct connected with his work." Sec. 443.06(1)(b), Fla. Stat. (1979). The appeals commission acted within the authority conferred by Sec. 120.57(1)(b) 9, Fla. Stat. (1979) by reaching a different, legally justified conclusion of law on the basis of the facts found by the referee and supported by the evidence.