440 So.2d 438 (1983)
Leonard J. PARKER, Appellant,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, State of Florida, Unemployment Appeals Commission, and May Cohens, Appellees.
No. AR-176.
District Court of Appeal of Florida, First District.
October 21, 1983.
Mark Greenberg, Miami, for appellant.
Robert Whaley, St. Petersburg, for appellees.
NIMMONS, Judge.
Parker appeals from an adverse ruling by the Unemployment Appeals Commission (UAC). We reverse that ruling.
The evidence presented before the appeals referee is summarized as follows. This 58-year-old appellant had been a janitor for May-Cohens department store for about six months when he was arrested on a felony charge apparently arising out of a domestic argument. Parker had no funds to employ an attorney and was unable to obtain release on bail. During his incarceration from August 27 to September 22, 1982, Parker communicated with his employer on three occasions, one by telephone and two by letter. He indicated to his employer that he understood a decision would be made within 21 days as to whether *439 he would be prosecuted.[1] Although there was testimony that company policy required that employees in such circumstances request a leave of absence and that leave requests were routinely approved for up to 30 days, Parker was never informed of such leave policy. Further, Parker's supervisor told him during his incarceration that his job would be kept open for him.
Parker was released from custody on September 22, 1982, when the pending charges were dropped. Contrary to the referee's findings, infra, there is no evidence in the record to indicate whether Parker was guilty of having committed the offense charged, and he steadfastly denied any guilt. Although the record is not entirely clear as to the circumstances surrounding the dropping of the criminal charge, Parker was apparently released under a "deferred prosecution" agreement with the Office of the State Attorney.
On the day of his release, Parker contacted his supervisor and advised that he was ready to return to work. Approximately one week later, he was notified by letter that he had been replaced, the employer indicating that it had held the position open as long as possible. The testimony indicated that his position had been held open for approximately two weeks after Parker's arrest.
Parker applied for unemployment compensation benefits which were denied on October 27, 1982, by an "adjudicator" pursuant to Section 443.101(1)(a)1, Florida Statutes. Parker appealed and an evidentiary hearing was conducted by the appeals referee at which the above evidence was presented. The decision of the appeals referee adverse to Parker stated:
By the claimant's actions, he was unable to report to work, since he had been placed in jail for an offense he had committed... . It must be held that the claimant, when he failed to report to work after August 27, 1982, voluntarily left his employment and his reason for doing so was not for a good cause which was attributable to the employer.
Subsequently, the UAC affirmed the decision of the appeals referee and this appeal ensued pursuant to Section 443.151(4)(c), Florida Statutes.
Section 443.101(1)(a), Florida Statutes (1981), provides that an individual shall be disqualified for benefits when "he has voluntarily left his employment without good cause attributable to his employer or has been discharged by his employing unit for misconduct connected with his work... ." We conclude that the appeals referee's finding, which was affirmed by the UAC, that Parker voluntarily left his employment without good cause is not supported by competent substantial evidence. We are also of the view that Parker's disqualification cannot be sustained upon the alternative statutory ground of misconduct connected with work.
There will undoubtedly be circumstances where an employee's pre-trial incarceration may reach the point where he ought to be considered as having abandoned his employment. However, as long as the statutory disqualifying criteria are couched in the terms as set forth in Section 443.101(1)(a), supra, it would be at best a strained interpretation of the statute to find that a person in Parker's circumstances had reached that point.[2] There was, of course, nothing voluntary about Parker's inability to go to work during the 26-day period. Nothing in the record indicates that Parker committed the offense with which he was charged. Parker kept his employer advised of his status and of his interest in returning to work as soon as possible. Although he apparently would have been granted up to a *440 30-day leave if requested, Parker was never informed of such policy or practice.
Appellee UAC relies upon a recent case from our sister court in Florida Sheriff's Youth Fund v. Department of Labor and Employment Security, 436 So.2d 332 (Fla. 2nd DCA 1983). There the claimant and her husband were employed to work as "cottage parents" at the Girls Villa in Bartow. The employer required husband and wife teams and informed them of such when they were hired. After claimant's husband was terminated for failure to comply with certain guidelines, claimant was also terminated, although she had been a satisfactory employee, because she was unable to comply with the employment condition requiring a husband and wife team. The court reversed the UAC's determination in favor of claimant and held that since she "failed to meet a known condition of [her] employment," she must be deemed to have voluntarily left her employment without good cause attributable to her employer. The court relied in part on Paschal v. Florida Department of Labor & Employment Security, 405 So.2d 1020 (Fla. 3rd DCA 1981), petition for review denied 412 So.2d 468 (Fla. 1982), in which that court reached a similar conclusion where the dismissed claimant's automobile was repossessed, he was unable to secure another and his job required an employee-furnished automobile. We cannot agree with appellee that the principle enunciated in Florida Sheriff's Youth Fund and Paschal regarding the failure of an employee to meet a known condition of employment is applicable to the type situation involved in the instant case.
Appellee urges that if the referee reached the right conclusion for the wrong reason, then the decision should be affirmed. See General Telephone Co. of Florida v. Board of Review, 356 So.2d 1357 (Fla. 2nd DCA 1978). Appellee suggests that the record supports statutory disqualification of benefits on the ground of "misconduct connected with work." Section 443.101(1)(a), supra. The meaning of misconduct as contemplated for purposes of unemployment compensation is as follows:
"Misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.
Tucker v. Florida Department of Commerce, 366 So.2d 845, 847 (Fla. 1st DCA 1979); see also Fredericks v. Florida Department of Commerce, IRC, 323 So.2d 286, 288 (Fla. 2nd DCA 1975); Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3rd DCA 1963). It has been held that "continued absenteeism caused by personal problems for which an employee bears culpability amounts to misconduct per se." Hillsborough County Department of Emergency Medical Services v. Unemployment Appeals Commission, 433 So.2d 24 (Fla. 2nd DCA 1983) (claimant's incarceration was "a foreseeable consequence of his failure to pay court-ordered child support"). See also Castillo v. Florida Department of Commerce, 253 So.2d 162, 165 (Fla. 2nd DCA 1971) (continued absenteeism by claimant because of "personal problems" which "appear[ed] to have been of his own making"). However, as we have observed, the record in the case at bar does not support a finding of culpability on the part of Parker.
Accordingly, the order of the Unemployment Compensation Appeals Commission denying benefits to Parker is REVERSED and the cause is REMANDED with directions *441 to enter an order allowing unemployment compensation benefits.
ROBERT P. SMITH, Jr., and SHIVERS, JJ., concur.
NOTES
[1] Parker's assumption regarding this 21-day period may have derived from the Rules of Criminal Procedure which entitle a defendant to an adversary preliminary hearing where no information or indictment has been filed within 21 days after arrest. Fla.R.Crim.P. 3.131(b)(1).
[2] It may be that an employee's culpability in criminal activity could be such as to constitute an abandonment of his employment within the meaning of the statutory criteria where the natural and probable consequences of such activity are incarceration. We need not reach that question in the case sub judice.