HERSEY, Judge,
concurring specially.
This is an appeal from a decision of the Unemployment Appeals Commission disqualifying appellant from unemployment compensation benefits.
Appellant was employed by the City of Hollywood as a clerk in its central store. One of his job responsibilities included making deliveries between city hall and the central store.
In the latter part of 1982 appellant’s drivers license was suspended for six months as a result of a conviction for Driving Under the Influence. Appellant was thereupon terminated from his job because he was unable to make deliveries. The episode which resulted in the conviction occurred during nonworking hours.
The facts of this case fit within the line of cases holding that where an employee becomes unable to meet a known, understood and accepted condition of his employment and where that inability is not the fault of the employer, the employee is considered to have voluntarily left his employment without good cause attributable to the employer. Florida Sheriff's Youth Fund v. Department of Labor and Employment Security, 436 So.2d 332 (Fla. 2d DCA 1983); Paschal v. Florida Department of Labor and Employment Security, 405 So.2d 1020 (Fla. 3d DCA 1981), pet. for review denied, 412 So.2d 468 (Fla.1982). Thus, the Unemployment Appeals Commission properly found appellant not eligible for unemployment benefits.
Finding the rationale of the above cited cases both compelling and applicable here, I join in the affirmance. If an employee by *867 his volitional act disables himself from performing some portion of his work, it is obviously necessary that a new employee be hired to take up the slack (at least theoretically). It is also fairly obvious that the employer now pays two employees to do the work of one. Simple economics dictates the solution. We should not penalize the employer and reward the recalcitrant employee under these circumstances.