GRIMES, Acting Chief Judge.
This is an appeal from an award of unemployment compensation.
Appellee (Mathy) was employed by Prison Rehabilitation Industries and Diversi *1310 fied Enterprises (PRIDE). PRIDE is a nonprofit corporation created pursuant to sections 946.01-946.19, Florida Statutes (1983), which directs and operates prison industries in the correctional institutions of the State of Florida. Mathy worked as the supervisor of the tire recapping plant at the Avon Park Correctional Institution. Apparently, the Department of Corrections suspected Mathy of selling drugs to inmates. After certain marked money was found in the possession of Mathy, the Department of Corrections conducted a further investigation and ultimately denied him access to the prison. As a consequence, PRIDE discharged Mathy from employment.
At the hearing, Mathy denied any wrongdoing. He said he found the money on a table in the tire plant and kept it with the intention of conducting his own investigation. The appeals referee concluded that PRIDE had failed to prove that the appel-lee was discharged for misconduct.
While not disputing the appeals referee’s findings of fact, PRIDE argues that appel-lee was legally disqualified to receive benefits under section 443.101 for having “voluntarily left his employment without good cause attributable to his employer” or for having “been discharged by his employing unit for misconduct connected with his work.” Much of the parties’ arguments are directed toward the sufficiency of the proof of Mathy’s misconduct. However, we believe that this case is controlled by the rationale of Florida Sheriffs Youth Fund v. Department of Labor & Employment Security, 436 So.2d 332 (Fla. 2d DCA 1983), and Paschal v. Florida Department of Labor & Employment Security, 405 So.2d 1020 (Fla. 3d DCA 1981), petition for review denied, 412 So.2d 468 (Fla.), cert. denied, 456 U.S. 981, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1982), in which the employees were said to have voluntarily left their employment without good cause attributable to their employers.
In Florida Sheriffs Youth Fund, the claimant and her husband had been hired as a team to work as “cottage” parents at a youth home. The claimant’s husband was discharged due to his misconduct. The claimant was a satisfactory employee. However, she, too, was discharged because of the condition of employment requiring a husband and wife team as group parents. In rejecting the claim for unemployment compensation, the court held:
We therefore hold that where, as here, an employee becomes unable to meet a known, understood, and accepted condition of employment, and where, as here, that inability cannot be considered to be the fault (in the sense of blameworthiness) of the employer, the employee will be considered to have “voluntarily left his employment without good cause attributable to his employer,” regardless of whether the employee resigns or is discharged and regardless of whether the employee’s inability was reasonably avoidable or is reasonably remediable by the employee. We see no justifiable basis for transferring the economic misfortune of one innocent party onto a second innocent party over that second party’s objection.
436 So.2d at 334.
The employee’s job in Paschal required the use of a privately owned vehicle. His employment was terminated after his automobile was repossessed and he did not secure another. The court viewed the employee’s discharge under these circumstances as being the equivalent of voluntarily leaving his employment without good cause attributable to his employer.
The impact of these decisions upon the instant case is obvious. PRIDE’s sole enterprise consists of directing inmates in the conduct of industrial activities within the correctional institutions of the state. As a result of Mathy’s conduct, the Department of Corrections determined to prohibit Ma-thy from entering the Avon Park Correctional Institution. Mathy was unable to perform his job without any fault on the part of PRIDE. Consequently, he was not entitled to be paid unemployment compensation benefits.
*1311 We find this ease distinguishable from Parker v. Department of Labor & Employment Security, 440 So.2d 438 (Fla. 1st DCA 1983). There, the employee was arrested on a felony charge arising out of a domestic argument. He had no funds with which to obtain his release on bail. The charges were later dropped, and he was released from custody twenty-six days after his arrest. When he sought to return to work, he was advised that he had been replaced. In reasoning that the employee should have been paid unemployment compensation benefits, the court pointed out that while in jail the employee had communicated with his employer on three occasions indicating that he understood a decision would be made within twenty-one days with respect to whether he would be prosecuted. The employer had a policy of routinely approving leaves of absence for up to thirty days, but the employee was never informed of this. Moreover, the employee’s supervisor had told him during his incarceration that his job would be kept open for him. Significantly, however, the court stated:
There will undoubtedly be circumstances where an employee’s pre-trial incarceration may reach the point where he ought to be considered as having abandoned his employment.
440 So.2d at 439. Cf. Hillsborough County, Department of Emergency Medical Services v. Unemployment Appeals Commission, 433 So.2d 24 (Fla. 2d DCA 1983) (employee’s absence from work due to ninety-day jail sentence constituted misconduct per se for purposes of section 443.101(l)(a), Florida Statutes (1981)).
Reversed.
SCHEB and HALL, JJ., concur.