UPCHURCH, Chief Judge.
The employer, EVAC Ambulance, appeals from a judgment awarding unemployment compensation to a former employee, a paramedic. The question presented was whether it was error to award unemployment compensation to the paramedic who, following his conviction for driving under the influence of alcohol, became disqualified under the terms of his employment.
Under the terms of employment EVAC required all personnel to have a good driving record. Each EVAC ambulance is staffed by a paramedic and a driver. It was company policy that both the paramedic and the driver must be able to drive the ambulance in case of injury or other occurrence. At the hearing EVAC submitted into evidence exhibits signed by the paramedic which stated that a good driving record was required for all personnel. EVAC relied upon section 401.281, Florida Statutes (1985) which requires that all ambulance drivers not have a DUI conviction for the past three years. EVAC also presented testimony that its insurance carrier would not insure them if one of their drivers had a DUI conviction. The hearing officer’s findings of facts and conclusions of law upheld the award of benefits to the paramedic based on the following:
The record and evidence in this case show that the claimant was discharged because of his driving while intoxicated conviction and his subsequent loss of unrestricted driver’s license. This made him uninsurable with the employer’s insurance carrier. Evidence shows that the claimant did, in fact, have a valid driver’s license the entire time in question. Granted, following his conviction, he was restricted to the business driving. Testimony also showed that the claimant was in his personal car and was not on duty. The fact that the insurance carrier refused to insure him does not, in and of itself, constitute misconduct connected with work. The claimant used poor judgment in not reporting the incident to his employer. However, he testified that he did, in fact, have a driver’s permit at all times. The referee interprets the Statutes quoted in the findings of fact as applying only to the time of hire. The employer did agree that their old insurance carrier possibly would have insured the claimant, and therefore, no job separation would have occurred. This leads to the conclusion that the claimant was discharged solely because of the new insurance carrier’s refusal to insure the claimant. While the claimant was remiss in not reporting the conviction, sufficient information to show misconduct connected with work was not shown.
After the Unemployment Appeals Commission affirmed this finding EVAC appealed, contending that the paramedic’s DUI conviction and resulting uninsurability amounts to misconduct. Section 443.101, Florida Statutes (1985) provides that an individual shall be disqualified from his unemployment benefits when: 1) he has voluntarily left his employment without good cause attributable to his employer, or 2) he had been discharged from his employing unit for misconduct connected with his work.
There is no dispute that the paramedic was discharged by EVAC, and we conclude that the paramedic’s actions amount to misconduct. In P.R.I.D.E. v. Unemployment Appeals Commission, 476 So.2d 1309 (Fla. 2d DCA 1985), rev. denied 486 So.2d 598 (Fla.1986) the claimant was suspected of smuggling drugs into prison where he was employed at a rehabilitation facility. After an investigation the prison refused to allow the employee access to the facility even though there was no conviction for drug smuggling. The referee found that the employer kept the employee from the place of employment; therefore, there was no misconduct. The court reversed the referee on the basis that the employee was *384 unable to perform his job without any fault on the part of the employer. In Paschall v. Florida Department of Labor and Employment Security, 405 So.2d 1020 (Fla. 2d DCA 1981) the employee was required to furnish his own transportation. The court held that the employee had voluntarily left his employment without good cause attributable to his employer where the employee’s car had been repossessed, making him unable to meet a condition of employment. In Cotran v. Goodman, 415 So.2d 155 (Fla. 4th DCA 1982) the court held that it is common sense that the revocation of a bus driver’s license for traffic offenses amounts to misconduct.
Similarly in the instant case the paramedic was aware that his DUI conviction, which he failed to report to his superiors, destroyed his good driving record, which in turn was a condition of his employment. This breach of a known condition of employment amounts to misconduct for which he could be discharged. We therefore hold that the referee and the commission erroneously concluded that the paramedic was entitled to unemployment benefits.
REVERSED.
SHARP and COWART, JJ., concur.