158 So.2d 791 (1963)
W.J. YORDAMLIS, Petitioner,
v.
FLORIDA INDUSTRIAL COMMISSION, Respondent.
No. 63-615.
District Court of Appeal of Florida. Third District.
December 20, 1963.
Feldman & Brush, Miami, for petitioner.
Burnis T. Coleman and Lawrence P. Kanzer, Tallahassee, for respondent.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
CARROLL, Judge.
Claimant brings certiorari to review an order of the Board of Review of the Florida Industrial Commission denying appeal of a decision of an appeals referee rejecting his claim for unemployment compensation. Denial of claimant's application for appeal made the referee's order a decision by the Board of Review, reviewable by certiorari. § 443.07(4), (c) and (e), Fla. Stat., F.S.A.
The challenged ruling was placed on the ground that without good cause the claimant had failed to apply for suitable work when so directed by the Employment office.
Petitioner was an experienced sandwich man and cook. He gave up a job in a hotel which required him to work until 9:00 o'clock P.M., in order to properly care for his children, a boy of 12 and a girl of 16, who were in his sole care and custody, after the parents had been separated. The girl had been in difficulty, with a tendency to delinquency. He arranged for another job which would let him off around 4:00 P.M. His hotel employer prevailed on him to stay a week longer. When he left after working that extra time, his new job had been filled. After seeking appropriate employment unsuccessfully for a month, petitioner applied for unemployment compensation. The job to which he was directed by the Employment office was one with rotating hours which would have required him to work at night part of the time. Because of his personal reasons as outlined above he rejected the proffered employment.
In holding such refusal was without good cause the Board admittedly took the view that the claimant's personal reasons did not constitute good cause. We hold otherwise.
*792 This petitioner had valid personal reasons to terminate the employment which required him to work until 9:00 o'clock at night and to refuse to accept a job which would require a substantial amount of night work. It follows that the board departed from essential requirements of law in holding that such personal reasons did not amount to good cause. See Williams v. Florida Industrial Commission, Fla.App. 1961, 135 So.2d 435.
For the reason stated, and on authority of Williams v. Florida Industrial Commission, supra, certiorari is granted, the order under review is quashed and the cause is remanded with directions to enter an appropriate order in favor of the claimant, not inconsistent herewith.
It is so ordered.