BOLIN, Judge.
Mrs. Carolyn J. Rogers was employed as an assembly line worker by Western Electric Company, Inc. Because she was transferred from the day to the night shift she voluntarily terminated her employment. Plaintiff applied to defendant ageny for unemployment compensation benefits and an initial determination was made that she was ineligible. This ruling having been upheld by the Appeals Referee and the Board of Review she appealed to the District Court which affirmed the ruling of the Board and plaintiff appeals.
The issue is whether plaintiff is disqualified to receive unemployment compensation benefits because she left her employment “without good cause connected with his [her] employment”, under La. R.S. 23:1601(1).
At the time plaintiff began her employment with Western Electric she knew she was to perform “shift” work. After work *378 ing the day shift for approximately one year she was assigned to the night shift. She worked at night for approximately four months, at which time she requested her employer to reassign her to the day shift so that she might be at home more with her school-age child. Upon the company’s refusal to comply with her request she terminated her employment.
Claimant testified before the Appeals Referee that under the terms of the contract existing between her union and employer she had enough seniority to entitle her to be reassigned to the day shift but Western Electric had refused her request. She stated she also complained to her union but admitted she filed no official grievance to this effect and no action was taken by the union. No evidence was introduced to support her contention that under the union contract she was entitled to be reassigned to day work because of seniority.
Under the stated facts, which are essentially the same as found by the Appeals Referee and concurred in by the Board of Review, the Referee rendered the following opinion:
“R.S. 23 -.1601(1) provides that a claimant shall be disqualified for leaving work without good cause connected with the employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under nondisqualifying circumstances.
“The claimant’s reason for leaving work, because she was unable to continue working at night due to a child care problem, is considered to be a personal reason and not connected with the employment. The determination of the Agency is in order.”
Where fraud is not an issue judicial review of the findings of the Board of Review are limited to a determination of whether the findings of fact are supported by sufficient legal evidence. Lacombe v. Sharp, 99 So.2d 387, La.App. 2 Cir. 1957, and Cotright v. Doyal, 195 So.2d 176, La.App. 2 Cir. 1967.
From our review of the record we conclude the legal evidence supports a finding that plaintiff is disqualified from receiving unemployment compensation benefits since she left her employment for personal reasons rather than for “good cause connected with her employment”.
The lower court assessed costs against plaintiff after rejecting her claim. Under the provisions of La.R.S. 23:1692 such assessment against a claimant for benefits under the Louisiana Employment Security Law is invalid unless it be found the appeal is frivolous.
Judgment appealed from is affirmed insofar as it denies claiment benefits but is amended so as to delete that portion of the judgment assessing costs against claimant.