369 So.2d 382 (1979)
Malcolm BEARD, As Sheriff of Hillsborough County, Florida, Petitioner,
v.
STATE of Florida DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY and Joy M. Sloan, Respondents.
No. 78-1056.
District Court of Appeal of Florida, Second District.
March 28, 1979.
*383 Chris W. Altenbernd, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for petitioner.
Alex D. Littlefield, Jr., Tallahassee, for respondent State of Florida Dept. of Commerce.
GRIMES, Chief Judge.
This is a petition for review of an order of the Unemployment Compensation Board of Review reversing the denial of a claim for unemployment compensation.
Claimant/respondent Sloan was employed by petitioner as a correctional officer at the Hillsborough County jail. From November 1, 1974, until mid-June 1975 she worked at the Hillsborough County jail on the 2:00 p.m. to midnight shift. On June 16, 1975, she was transferred to the bailiff's office at the courthouse annex and assigned to the 8:30 a.m. to 4:30 p.m. shift. One year later, on a Friday at 10:30 in the morning, petitioner notified Sloan that she had been transferred back to the county jail effective the next Monday and that her new working hours would be 11:45 p.m. until 7:45 a.m. Sloan then requested annual leave which she had accrued in order to arrange for nighttime supervision for her two teenage children. Petitioner's personnel administrator denied the request because he felt that any vacation should be approved by the person who would be Sloan's supervisor at the jail. Thereupon, Sloan resigned effective immediately.
Five days later Sloan filed a claim for unemployment compensation in which she cited her reason for leaving as the inability to secure nighttime supervision for her teenage children necessitated by a change in her working times. The claims examiner rejected her application on the ground that her resignation was precipitated by her refusal to accept a change in working hours which was normal for her occupation. Thus, the claims examiner concluded that respondent's resignation was not for "good cause attributable to the employer." Sloan appealed the decision, but the appeals referee, after hearing, upheld the claims examiner. The referee stated that Sloan's resignation was due to her dissatisfaction with the proposed change in working hours incident to her transfer back to corrections even though the transfer could be expected during the normal course of her employment. Sloan then appealed this decision to the Department of Commerce, Unemployment Compensation Board of Review (Board).
The Board overruled the appeals referee's findings, concluding that the referee's determination that Sloan left her job because she was dissatisfied with her new hours was not supported by the record. The Board noted that after Sloan had been advised that her hours would be changed effective the next working day she requested vacation time in order to arrange suitable child care. The Board then found that the petitioner's refusal to grant Sloan vacation time left her with no reasonable alternative but to resign. Thus, respondent had "good cause attributable to her employer" for leaving the job.
At the outset, we disagree with the Board's determination that the referee's findings did not comport with the evidence. The record amply demonstrated that Sloan voluntarily terminated her employment because of a change in working hours which required her to acquire nighttime supervision for her children. The denial of her vacation request cannot be deemed controlling because she resigned before making any effort to arrange for nighttime supervision.[1] *384 Thus, we must determine, as a matter of law, whether a voluntary termination based upon a change in working hours necessitating the employee's use of nighttime child care constitutes "good cause attributable to [the] employer."
Prior to 1963, Section 443.06(1), Florida Statutes (1961), provided that a claimant for unemployment compensation who had voluntarily terminated his or her employment without "good cause" was not eligible for benefits. Under that version of the law, our sister court interpreted good cause to include familial obligations. Williams v. Florida Industrial Commission, 135 So.2d 435 (Fla.3d DCA 1961). See also Yordamlis v. Florida Industrial Commission, 158 So.2d 791 (Fla. 3d DCA 1963), in which the court interpreted "good cause" for refusing to accept proffered employment to include child care obligations. In 1963, the legislature amended Section 443.06(1) to require the good cause for voluntary termination to be "attributable to the employer."[2] Petitioner argues that such a change narrowed the eligibility for unemployment compensation so as to exclude family obligations as a reason for voluntary termination.
While there are no Florida decisions as to whether the need for child care constitutes "good cause attributable to [the] employer," a decision of a foreign jurisdiction is helpful. In re Watson, 273 N.C. 629, 161 S.E.2d 1, 35 A.L.R.3d 1114 (1968), involved a mother who was laid off from the "first" shift and six weeks later offered employment by the same employer on the "second" shift. She refused to work on the second shift because she could not find suitable nighttime care for her small children. Her claim for unemployment compensation benefits was denied when the examiner determined that her refusal to accept suitable employment was without "good cause." At the time, North Carolina's law as to qualifications for benefits was similar to the present Florida law; voluntary termination without "good cause attributable to [the] employer" prevented a claimant from receiving benefits, and refusal to accept suitable employment without "good cause" constituted a similar disqualification. On appeal, the North Carolina court reversed the examiner's decision and held that the claimant was eligible for benefits. The court noted an anomaly in the North Carolina law; if one voluntarily terminates his employment, his good cause must be attributable to his employer, but if an unemployed person refuses to accept suitable work when offered, his or her reason need only constitute good cause. The court held that while the domestic duties of a claimant cannot qualify as "good cause attributable to [the] employer," such duties may qualify as "good cause" for refusal to accept work. Ms. Sloan is in a position opposite to the claimant in In re Watson. She was not laid off from her employment but was rotated to another shift. Her refusal to work the new shift may be for good cause, but it is not necessarily attributable to the petitioner.
Several other cases deal with the need to provide child care as grounds for refusing employment and the effect of the refusal on eligibility for unemployment benefits. See Annot., 35 A.L.R.3d 1129 (1971). Most of the cases involve an interpretation of "available for work" requirements in employment compensation benefits laws. Under most statutes  like Florida's  one who rejects suitable employment without good cause is not "available for work." Some cases, such as Nurmi v. Vermont Employment Security Board, 124 Vt. 42, 197 A.2d 483 (1963), and Spotts v. Unemployment Compensation Board of Review, 176 Pa.Super. 484, 109 A.2d 212 (1954), hold that domestic obligations are not good cause.[3] Others, such as In re Watson, supra, have *385 held that domestic obligations are good cause for refusing suitable employment, thus preserving the claimant's availability for work. In these latter cases, however, the good cause standard noted in the statute was not followed by the phrase "attributable to employer" or "connected with the employment." E.g., Tung-Sol Electric v. Board of Review, 35 N.J. Super. 397, 114 A.2d 285 (App.Div. 1955). In cases where such a requirement exists in the unemployment compensation law, the courts have consistently held that domestic obligations are personal reasons rather than reasons attributable to the employer or to the work. See Carter v. Maine Employment Security Commission, 356 A.2d 731 (Me. 1976); Rogers v. Doyal, 215 So.2d 377 (La. Ct. App. 1968).
Thus, we hold that the legislature, when it added the phrase "attributable to the employer" to the good cause requirement for voluntary termination, must have intended to remove domestic obligations as good cause for voluntary termination.[4] A mother's unwillingness to leave her children in the care of others at night is certainly good cause for her to resign but it is not good cause which can be attributed to her employer. We sympathize with Ms. Sloan's position, but we must ascribe to words within a statute their ordinary meaning. Florida Gulf Health Systems Agency, Inc. v. Commission on Ethics, 354 So.2d 932 (Fla. 2d DCA 1978).
Accordingly, we reverse the decision of the Board of Review and affirm the decision of the appeals referee that Ms. Sloan voluntarily terminated her employment without good cause attributable to her employer, thereby making her ineligible for unemployment benefits.
BOARDMAN and DANAHY, JJ., concur.
NOTES
[1] Had she spent the weekend in an unsuccessful effort to make suitable arrangements for her children and then had her request for vacation time denied, a different question might be presented.
[2] Ch. 63-327, § 1, Laws of Florida.
[3] In Spotts, the Pennsylvania legislature had recently amended the law so as to specifically exclude domestic obligations from the definition of good cause. In Nurmi, the court interpreted the statute to mean that the good cause necessary to maintain eligibility for benefits had to be connected with the job.
[4] Indeed, the bill amending the law states that good cause "shall include only such cause as is attributable to the employer or consists of illness or disability of the individual, other than pregnancy, requiring separation from his employment." Supra, note 1.