500 So.2d 253 (1986)
SCHOOL BOARD OF LEE COUNTY, Florida, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Darlene L. Randall, Appellees.
No. BK-404.
District Court of Appeal of Florida, First District.
December 15, 1986.
Harry Blair of Harry A. Blair, P.A., Fort Myers, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
No appearance by appellee Darlene L. Randall.
PER CURIAM.
This cause is before us on appeal from a final order of the Unemployment Appeals *254 Commission upholding an award of unemployment compensation to a public school teacher who resigned at the end of the school year after having failed a portion of the Teacher Certification Exam. We find no competent, substantial evidence to support the basis for the award, that the teacher was separated from her employment due to a lack of work, and reverse.
Ms. Randall (appellee) was employed as a home economics teacher by the Lee County School Board (appellant) for the 1984-85 school year. In February of 1985, Ms. Randall took the Teacher Certification Exam[1] but failed one of the sections. Under Florida law, teachers are not required to pass the examination during their first year of employment,[2] so Ms. Randall was allowed to complete her tenure of employment, which ended on June 6, 1985. On that date, however, Ms. Randall tendered a letter of resignation in which she indicated that she was moving out of state. She made no other attempt to contact the School Board regarding further employment or to retake that portion of the exam, which was offered again in June.[3] Instead, she moved to Mississippi, where she previously had been employed as a teacher, to seek employment for the following school year. Unable to acquire a teaching position for the fall, Ms. Randall filed a claim for unemployment compensation, in which she stated that she "quit" because she wanted to return to Mississippi and because she failed the math portion of the Florida Teacher Certification Examination. Her claim was denied. However, on appeal, the appeals referee awarded compensation benefits, finding that Ms. Randall did not resign before the end of the school year and, therefore, did not quit but was separated due to a lack of work at the end of the term. The School Board appealed, and the Unemployment Appeals Commission affirmed the order of the appeals referee without comment.
A teacher is not entitled to unemployment compensation for the period between successive terms of academic years, provided there is a reasonable assurance that the teacher will be employed in the second of said terms or years. §§ 443.091(3)(a), Fla. Stat. Ms. Randall had no reasonable assurance of employment for the successive academic year, since she failed the Teacher Certification Exam and her temporary certificate had expired.[4] Thus, Ms. Randall is not necessarily barred from receiving unemployment compensation benefits by this statute. However, the reason Ms. Randall had no assurance of further employment with the Lee County School Board is that she failed to maintain her certification to teach.[5]
Certainly, certification is a known and accepted condition of a public school teacher's employment. Failure to meet or maintain known and accepted conditions of employment results in a finding that the employee voluntarily left her employment without good cause attributable to her employer regardless of whether the employee resigns or is discharged. See Florida Sheriff's Youth Fund v. Department of Labor, 436 So.2d 332, 333 (Fla. 2d DCA *255 1983); Paschal v. Florida Department of Labor & Employment Security, 405 So.2d 1020 (Fla. 3d DCA 1981), petition for review denied, 412 So.2d 468 (Fla. 1982); and Fowler v. City of Hollywood, 450 So.2d 866 (Fla. 4th DCA 1984). Under the "Unemployment Compensation Law," Section 443.101(1)(a), Florida Statutes, an individual is disqualified from receiving benefits if she voluntarily left her employment without good cause attributable to her employer. Accordingly, we find no support for the appeals referee's conclusion and reverse.
REVERSED.
BOOTH, C.J., and WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] In order to be certified to teach in the State of Florida, teachers must meet certain requirements and demonstrate competency by successfully completing a comprehensive written examination. See Sections 231.02 and 231.17(2)(a), Florida Statutes (1985). The exam was offered in October, February, and June of that academic year.
[2] Section 231.17(2)(d), Florida Statutes (1985), affords teachers meeting all other certification requirements, other than passing the examination, a temporary certificate for their first year of teaching.
[3] Ms. Randall testified that the personnel department requested her exam results, but she personally did not speak to anyone from personnel because she knew she could not teach in Florida without passing the exam.
[4] A representative of the Lee County School Board testified that Ms. Randall would not have been retained for the next year after having failed a portion of the exam but pointed out that such a determination had not been made because Ms. Randall had already resigned.
[5] Ms. Randall testified during the hearing that she was sure she would have been able to retain her teaching position had she passed the exam