544 So.2d 288 (1989)
GULF COUNTY SCHOOL BOARD, Appellant,
v.
Ernest WASHINGTON and Unemployment Appeals Commission, Appellee.
No. 88-1783.
District Court of Appeal of Florida, First District.
May 25, 1989.
Cecil G. Costin, Jr. of Costin & Costin, Port St. Joe, for appellant.
John D. Maher, General Counsel, Unemployment Appeals Com'n, Tallahassee, for appellee.
ERVIN, Judge.
Gulf County School Board appeals from the order of the Unemployment Appeals Commission affirming the decision of the referee to award claimant/appellee, Ernest Washington, unemployment compensation. We affirm.
Mr. Washington was employed as a school teacher by the Gulf County School Board in August, 1984 under a temporary certificate for the '84-'85 school year. Because he was licensed to teach in another state, he was able to teach in Florida for three years while holding temporary teaching certificates, pending passage of the Florida Teacher's Examination. During that time, he sat for and failed the Florida Teacher's Examination three times. Because he had not passed the examination and could not obtain another temporary certificate, the school board terminated his employment.
The referee, interpreting Section 443.101, Florida Statutes (1987), determined that because the claimant had not engaged in any misconduct connected with his work, he was not disqualified for unemployment compensation benefits. Section 443.101, in relevant part, provides:
Disqualification for benefits.  An individual shall be disqualified for benefits:

*289 (1)(a) For the week in which he has voluntarily left his employment without good cause attributable to his employer or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division.
It is indisputable that claimant engaged in no misconduct. The single issue presented on appeal is whether, by operation of certain case law to be discussed below, the claimant "voluntarily left his employment without good cause attributable to his employer." § 443.101, Fla. Stat.
In School Bd. of Lee County v. Florida Unemployment Appeals Comm'n, 500 So.2d 253 (Fla. 1st DCA 1986), this court reversed the award of unemployment compensation benefits to a teacher who had resigned her employment after once failing the teacher certification examination. Although appellant argues that Lee requires reversal, Lee is distinguishable from the instant case because the teacher there, after once failing the teacher examination, made no good faith effort to perform the known and accepted condition of employment  passing the examination. Instead, she chose to resign her employment. In contrast, appellee at bar has made a good faith effort to perform  he sat for the examination three times. Furthermore, there is record evidence to support the conclusion that he was preparing to sit for the examination a fourth time when he was notified that his employment would be terminated. In view of these factual distinctions, we do not regard Lee as controlling. Nevertheless, appellant argues that a comparison of Lee to the case at hand reveals no differences in the principles of law involved. This is incorrect, however, because the material facts in Lee differ from the material facts in the instant case. Specifically, the teacher in Lee did not make a good faith effort to comply with known employment conditions, whereas the claimant here has. See Goodhart, Determining The Ratio Decidendi of a Case, 40 Yale L.J. 161 (1930).
Section 443.031, Florida Statutes (1987), provides that Chapter 443 is to be "liberally construed" to accomplish its purpose, which includes providing for "the payment of compensation to individuals with respect to their unemployment." In view of this intended construction, denying benefits to one who has made a good faith effort to comply with employment requirements would contravene public policy. Obviously, by providing a grace period during which a teacher can be temporarily certified, the legislature has expressed a policy intended to encourage the application and employment of persons not yet fully qualified in this state.
Appellant also argues that Florida Sheriffs Youth Fund v. Department of Labor and Employment Sec., 436 So.2d 332 (Fla. 2d DCA 1983), cited with approval by this court in Lee, requires reversal. In Youth Fund, the Second District considered the compensation award to an employee hired as part of a team (with her husband), for the purpose of creating a "family environment" in a home for dependent girls. Husband-wife teams placed in charge of cottages understood that each member had to perform satisfactorily, and that upon the resignation or discharge of one, the other would likewise be discharged. Reversing the compensation award to the wife (who had satisfactorily performed her job) of a man discharged for misconduct, and holding that the wife had "voluntarily" left her employment, the court stated: "Whether or not this failure [to meet a known condition of employment] was the employee's fault ... was immaterial; the issue was whether [her] ... failure to meet [her] ... job requirements was due to good cause attributable to [her] ... employer." Id. at 334. Contrary to Youth Fund, we do not agree with this construction of section 443.101, because, when an employee makes a good faith effort to meet employment conditions, but fails to do so, an essentially different issue is presented than when an employee fails to make a reasonable effort to comply  in the former case the employee has not left his employment "voluntarily"; in the latter case he has. Nevertheless, because Youth Fund is in conflict with our decision today, we certify the conflict to the Florida Supreme Court.
*290 For these reasons, the decision awarding compensation is affirmed.
WENTWORTH, J., concurs.
BOOTH, J., dissents.
BOOTH, Judge, dissenting.
Claimant should be disqualified for unemployment compensation benefits under Section 443.101, Florida Statutes, since passing the Florida Teachers Examination was a known requirement for his continued employment as a teacher, and the School Board was required to terminate his employment when he failed to obtain the necessary certificate. Section 443.101(1)(a), Florida Statutes, provides that a claimant is disqualified from receiving unemployment benefits where he voluntarily leaves his employment without good cause attributable to his employer. The statute further defines "good cause" as follows:
"Good cause" as used in this subsection shall include only such cause as is attributable to the employer or which consists of illness or disability[[1]] of the individual requiring separation from his employment.
This subsection was construed by this court in School Board of Lee County v. Florida Unemployment Appeals Commission, 500 So.2d 253 (Fla. 1st DCA 1986), to disqualify a teacher who resigned her employment after once failing the Teacher Certification Examination. The majority views taking the exam three times, and preparing for a fourth attempt, rather than resigning, as good-faith effort distinguishing this case from the Lee County case. I am not persuaded that this distinction is valid or that the employee's good-faith effort to meet job requirements is a factor under statutory or case law.
The Lee County case and other analogous cases hold that where there is a known requirement for employment and the claimant fails to satisfy that requirement, through no fault of the employer, the employee will be considered to have "voluntarily left his employment without good cause attributable to his employer." Lack of fault or "blameworthiness" on the part of the employee is not an issue.
In Sheriffs Youth Fund v. Department of Labor, 436 So.2d 332 (Fla. 2d DCA 1983), claimant and her husband were hired to work as "group" parents, and it was a condition of the employment that group parents be a married couple. Thereafter, claimant's husband was discharged due to his conduct, and claimant, although not guilty of any misconduct herself, was discharged due to the inability to perform the required condition of employment that she and her husband work as a team as group parents. The Second District held (436 So.2d at 334):
We therefore hold that where, as here, an employee becomes unable to meet a known, understood, and accepted condition of employment, and where, as here, that inability cannot be considered to be the fault (in the sense of blameworthiness) of the employer, the employee will be considered to have "voluntarily left his employment without good cause attributable to his employer," regardless of whether the employee resigns or is discharged and regardless of whether the employee's inability was reasonably avoidable or is reasonably remedied by the employee.
In Paschal v. Florida Department of Labor and Employment Security, 405 So.2d 1020 (Fla. 3d DCA 1981), review denied, 412 So.2d 468 (Fla. 1982), cert. denied, 456 U.S. 981, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1982), claimant was employed by the county in a job which required the use of his privately-owned vehicle. He was terminated from this job after his automobile was repossessed and he did not secure another. The Third District held he was disqualified from benefits because he left his employment without good cause attributable to his employer. To like effect is the case of Neller v. Unemployment Appeals Commission, 510 So.2d 652 (Fla. 5th DCA *291 1987), wherein the claimant was employed to deliver pizzas in her personal automobile and was terminated when her automobile became disabled, the court holding:
The use of the employee's personal vehicle was a known, understood, and accepted condition of her employment. It was not the employer's fault the employee's car became disabled. Therefore, the employee is considered to have voluntarily left her employment without good cause attributable to her employer.
I agree with the majority that their opinion does in fact conflict and should be certified to the Supreme Court for resolution of the important issue, particularly as it relates to the teacher certification requirement and the School Board's obligation to discharge a teacher who is unable to pass that examination. The decision also impacts on various other occupations which have specific, known requirements related to the performance of the employment. The statutory definition of "good cause" does not include the employee's failure to meet such requirements and, therefore, under standard rules of statutory interpretation, must be held to exclude such causes.
NOTES
[1] There is no contention that "disability" is used in other than its normal sense when grouped with "illness," to mean a loss, or lack, of physical or mental ability due to injury, disease, or infirmity, and applies here.