SMITH, Judge.
This is an appeal from an order of the Florida Unemployment Appeals Commission, hereafter Commission, which reversed the findings made by an appeals referee. Finding that the referee did not make a necessary factual determination, we reverse and remand.
The facts, as found by the referee, are that Teresa Loewy was working as a secretary at Florida State University when she suffered an injury on October 22, 1987. After exhausting her sick leave, Loewy was placed on leave without pay, and was informed by university administration on November 3, 1987, that medical proof of her continuing inability to work was required. Receiving no proof, the university informed Loewy by letter that her leave had become unauthorized, and she must return to work or provide the requested medical certification. Otherwise, her position would be considered abandoned. Lo-ewy was returned to authorized leave until November 20, in order to provide Loewy with time to get the necessary medical certification.
On November 20, Loewy’s husband personally submitted to the university a statement from her doctor which, according to the findings made by the referee, did not indicate an ability or an inability to work. The husband was informed that a request for leave of absence form had to be completed. The husband refused to complete the form. Receiving no further word from Loewy, the university informed her on November 25, 1987, that she was considered to have abandoned her position. In his findings, the referee emphasized that Lo-ewy’s separation was not because of the failure to submit medical certification, but her failure to report to work or to properly notify her employer.
Loewy filed for unemployment compensation. As noted, the appeals referee found that the record showed Loewy “voluntarily quit her job.” The referee held that because she had voluntarily left employment without good cause attributable to her employer, she was ineligible to receive benefits. The referee specifically found that Loewy failed to produce a preponderance of evidence which would show that her separation from employment was with good cause attributable to Florida State University.
Loewy appealed to the Unemployment Appeals Commission which reversed the referee. The Commission stated that the referee’s findings were supported, but were incomplete. The Commission noted that the referee failed to include in his findings that Loewy provided the university with a letter on November 16 from her doctor, which the university found to be insufficient. The following day, Loewy, her husband, her minister, and the minister’s wife came to the university and met with administration. It was at that point that Loewy was placed back on authorized leave until November 20. On November 20, the husband returned to the university with a letter from Loewy’s doctor. According to the Commission, at that time the husband refused to complete the requested leave forms due to his belief that the forms *770 would adversely affect his wife’s workers’ compensation claim.
The Commission held that the record did not support the referee’s conclusion that Loewy voluntarily quit her job. Rather, Loewy had made efforts to retain her employment and attempted to the best of her ability to provide the necessary medical certification. The Commission further held that Loewy’s “reliance on her husband on November 20, to do what was necessary was not unreasonable in light of the fact he had represented her previously in dealings with the employer. Although [Loewy] might have relied on her husband to her detriment, she did not voluntarily terminate her employment.”
An employee who becomes separated from employment without “good cause attributable to his employer” is ineligible for unemployment compensation. Section 443.-101, F.S. (1987). Recently, subsequent to the Commission’s ruling under review, this court held in Gulf County School Board v. Washington, 544 So.2d 288 (Fla. 1st DCA 1989), that when an employee makes a good faith effort to perform a known and accepted condition of employment that employee has not voluntarily left his employment without good cause attributable to the employer.
The claimant in Gulf County was a school teacher who was hired under a temporary teaching certificate. The claimant had taken and failed the Florida Teacher’s Examination three times, and was preparing for a fourth attempt when he was terminated. He filed for unemployment compensation, and the appeals referee awarded compensation benefits finding that the claimant had not engaged in any misconduct and therefore was not disqualified for compensation under section 443.-101. The Unemployment Appeals Commission affirmed the award.
On appeal, this court distinguished School Board of Lee County v. Florida Unemployment Appeals Commission, 500 So.2d 253 (Fla. 1st DCA 1986), in which this court reversed an award of compensation for a claimant who resigned her employment after failing the teacher certification examination. In Gulf County, this court noted that the teacher in Lee County made no good faith effort to perform the known and accepted condition of employment; instead, she resigned. The claimant in Gulf County, however, had made a good faith effort to perform in that he had taken the examination three times and was preparing for a fourth attempt when he was terminated. 544 So.2d at 289.
A conflict with Florida Sheriffs Youth Fund v. Department of Labor and Employment Security, 436 So.2d 332 (Fla. 2d DCA 1983), was recognized and certified by this court in Gulf County. In Youth Fund, the claimant was hired as part of a husband and wife team of counselors at a home for dependent girls. Married couples were specifically employed in order to create a family environment. The claimant’s husband was discharged for misconduct, and under the terms of employment, the claimant had to be discharged as well though she had done nothing wrong. The claimant was awarded compensation, but the district court reversed, finding that she had voluntarily left her employment and was therefore ineligible for benefits under section 443.101. The court in Youth Fund found immaterial the fact that the claimant’s failure to meet the known condition of employment was not her fault. The court stated:
Our holding here simply refuses to place the responsibility for an employee’s sudden inability to meet an essential and reasonable condition of his or her employment agreement on the employer unless the employer both caused the employee’s inability and can be considered morally or legally blameworthy therefore.
436 So.2d at 334 (emphasis in original).
By contrast, this court held in Gulf County that public policy requires that benefits not be denied to a person who has made at least a good faith effort to comply with the conditions of employment. Therefore, it is the employee’s blameworthiness, rather than the employer’s, that is to be considered in determining eligibility for unemployment compensation.
*771 From the record in the instant case, it is apparent that the referee did not consider whether Loewy’s actions, as described above, constituted a good faith effort. Instead, the referee simply found that Loewy had failed to report to work or properly notify Florida State University of her continued absence as she was required. We note that neither the referee, the Commission, nor the parties have had occasion to address the issues involved in this controversy in the light of the exposition on the law as given in our Gulf County decision. In fairness, therefore, we think it appropriate to remand this case to the referee for a determination of whether Lo-ewy’s conduct did constitute a good faith effort to retain her employment.
REVERSED and REMANDED.
THOMPSON and MINER, JJ., concur.