697 So.2d 541 (1997)
Amy J. HALL, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Laro, Inc. of Coral Gables, Appellees.
No. 96-3079.
District Court of Appeal of Florida, First District.
June 27, 1997.
Rehearing Denied July 31, 1997.
Megan Wall of Central Florida Legal Services, Inc., Palatka, for Appellant.
John D. Maher, Unemployment Appeals Commission, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
No appearance for Appellee Laro, Inc. of Coral Gables.
Ann Perko, Florida Legal Services, Inc., Tallahassee, for Florida Legal Services, Inc.
Pamela Coukos, Julie Goldscheid and Martha Davis, New York City, for National Organization *542 for Women Legal Defense and Education Fund.
Sara E. Rios and Maurice Emsellem, New York City, for National Employment Law Project.
Jon Hiatt and Catherine Caporusso, Washington, DC, for American Federation of Labor and Congress of Industrial Organizations (AFL-CIO).
No appearance for Florida Coalition Against Domestic Violence, Florida AFL-CIO, and Women's Legal Defense Fund, all of which are Amici Curiae in support of Appellant.
ERVIN, Judge.
This unemployment compensation appeal involves a claimant who was a victim of domestic violence, and questions the validity of an order which disqualified her from receiving unemployment benefits on the ground that she voluntarily left her employment without good cause attributable to the employer. Because the record contains competent, substantial evidence to support the appeals referee's findings, and case law supports the disqualification, we affirm.
Claimant's separation from her employment occurred as a result of her resigning her job as a teacher's assistant and moving to California, because she believed her life was in danger. Claimant's husband, whom she has since divorced, abused her physically and mentally, and repeatedly threatened her life and the safety of the children at the school where claimant was employed.
Claimant initially argues that she should not be disqualified from receiving benefits under section 443.101, Florida Statutes (1995), because she did not voluntarily leave her employment. In support of her argument, claimant relies on cases such as Gulf County School Board v. Washington, 544 So.2d 288 (Fla. 1st DCA 1989), aff'd, 567 So.2d 420 (Fla.1990), and State University v. Unemployment Appeals Comm'n, 548 So.2d 768 (Fla. 1st DCA 1989). Washington allowed the award of benefits to a school teacher who failed the certification test three times and was therefore terminated due to the lack of a teaching certificate. This court concluded that the claimant had made a good-faith, but unsuccessful, effort to comply with a known condition of employment. We held that the claimant's actions, under the circumstances, did not support a finding that he had voluntarily left his employment so as to disqualify him from receiving benefits. Florida State University followed Washington. It involved a secretary who was unable to work because of a physical injury. The case was remanded for consideration of whether she had made a good-faith attempt to comply with her job requirements by either coming to work or producing a doctor's excuse for failure to do so.
The Florida Supreme Court upheld the theory involved in the above cases when it reviewed and affirmed Washington. The court stated therein that there is no meaningful distinction between an employee who unavoidably finds he or she cannot meet a known condition of employment, and one who is discharged for simply failing to measure up to the job's requirements. Both are entitled to unemployment benefits. Washington, 567 So.2d at 423. The court observed that in such situations it is the employee's blameworthiness, rather than the employer's, that is to be considered in determining eligibility for benefits. Id. at 422. In so deciding, the court disapproved a line of cases which had disqualified claimants from receiving benefits where it was shown that through no fault of their own, they were unable to comply with work requirements. See Adain v. Unemployment Appeals Comm'n, 523 So.2d 175 (Fla. 3d DCA 1988) (alien lost job when work permit was illegally revoked, thereby disqualifying him from receiving benefits due to his voluntarily leaving work); Neller v. Unemployment Appeals Comm'n, 510 So.2d 652 (Fla. 5th DCA 1987) (pizza delivery person who was unable to perform work because car became disabled was disqualified from receiving benefits); Florida Sheriffs Youth Fund v. Department of Labor, 436 So.2d 332 (Fla. 2d DCA 1983) (husband fired for misconduct, and wife then discharged from team counselor job and disqualified from receiving benefits, because employment required married couple).
*543 We are not persuaded by claimant's argument that the above cases now militate against approving a finding of voluntariness. All of them involve situations in which the employment carried with it a particular condition, i.e., obtaining a teaching certificate, working or obtaining a doctor's excuse, having a work permit, having a usable car, and being a married couple, and the claimants, through no fault of their own, were unable to satisfy the requirement. The same cannot be said here. Claimant may be free from fault, but she fails to identify any condition of her employment that she was unable to fulfill due to the domestic violence.
Next, claimant argues that she should not be disqualified from receiving benefits, because it cannot be said that she left her employment without good cause attributable to the employer. She attempts to distinguish cases such as Department of Air Force v. Unemployment Appeals Commission, 486 So.2d 632 (Fla. 1st DCA 1986), wherein this court held that a wife should be disqualified from receiving benefits based on her decision to quit her job in order to relocate with her husband who had been transferred to another state, because her reason was personal to her and not attributable to her employer. We explained that before 1963, benefits could be obtained if the employee left his or her employment for good cause, whether personal or attributable to the employer. After the statute was amended in 1963, the good cause had to be attributable to the employer. In our opinion, the rule approved in Department of Air Force controls the instant case. Although claimant's decision to relocate in order to avoid conflict with her husband may have been for a good personal reason, it was not good cause attributable to her employer and disqualification was proper.
We also reject claimant's argument that she should not have been denied benefits under the theory that circumstances existed at her workplace which would have forced an average, able-bodied, qualified worker to give up employment, or her alternative theory that a family emergency existed which impelled her to quit her job. The case law claimant relies on to support her personal safety argument is not applicable in that the cases all involve situations in which the employer had some degree of control over the circumstances that constrained the employee to leave the employment. For example, in Saenz v. Unemployment Appeals Commission, 647 So.2d 283 (Fla. 2d DCA 1994), the claimant was attacked verbally and physically at work by her supervisor's jealous girlfriend, who was not a co-employee, but who was allowed on the work site. The claimant's request for a lateral transfer for herself or her supervisor was denied. She no longer felt safe at work, because, even after the physical assault, the girlfriend contacted claimant at her home, so she left her job. Under these facts, the referee found that the employer failed in its responsibility to provide the claimant with a work environment free of reasonably foreseeable physical harm and undue risk to claimant's personal safety. The claimant was held entitled to benefits.
Similarly, in Spangler v. Unemployment Appeals Commission, 632 So.2d 98 (Fla. 5th DCA 1994), the claimant quit work, because the employer failed to remedy an unsanitary, rat-infested working environment, despite claimant's complaints. In Wall v. Unemployment Appeals Commission, 682 So.2d 1187 (Fla. 4th DCA 1996), the court decided that a claimant was justified in resigning her job based on personal safety fears where it was shown that the office had been burglarized numerous times and the neighborhood was unsafe. Finally, in Tannariello v. Federation of Public Employees, 437 So.2d 799 (Fla. 4th DCA 1983), where the claimant quit work based on personal safety fears, the court noted that the employer had sole and absolute control over whether the claimant was required to work alone in a vacant building in a suspect neighborhood. Contrary to the above cases, there has been no suggestion in the instant case that the employer had any control over the danger posed by claimant's ex-husband. Consequently, we find the above cases distinguishable.
Finally, we reject the family-emergency contention. This position is rooted in section 443.101(1)(a)1, which defines "good cause" as
only such cause as is attributable to the employing unit or which consists of illness *544 or disability of the individual requiring separation from his [or her] work.
As was explained in Lewis v. Lakeland Health Care Center, Inc., 685 So.2d 876 (Fla. 2d DCA 1996), the courts have extended the exception for illness or disability of the individual to allow a family emergency in the nature of illness or disability to constitute good cause.
The cases claimant cited for her position all involve family emergencies arising from family illnesses. For example, in Lewis v. Lakeland Health Care Center, Inc., claimant was fired when she failed to return to work as scheduled, because she had to care for her son who had a stroke, and could not arrange alternative care. In Dean v. Unemployment Appeals Commission, 598 So.2d 100 (Fla. 2d DCA 1992), the claimant was fired when she did not return to work as requested, in that she was unable to arrange for alternative care for her son who had chicken pox. Finally, in Gadsden v. Unemployment Appeals Commission, 616 So.2d 1196 (Fla. 2d DCA 1993), claimant was discharged when she took time off to care for her father who had a brain tumor.
Here, claimant did not leave her work to care for an ill or disabled family membershe left for her own personal safety and to avoid a family member. There was no evidence of illness or disability. The family emergency cases are moreover distinguishable on the ground that the claimants involved in those cases had all been discharged, unlike Ms. Hall, who left her employment, if not completely of her own volition, then nevertheless without "cause... attributable to the employing unit." § 443.101(1)(a)1, Fla. Stat. (1995). Because the family-emergency reason is an extension of the statutory definition of good cause attributable to "illness or disability of the individual," we decline claimant's invitation to carve out a further extension embracing flight from one's domestic violence abuser.
Both claimant and amici curiae cite Florida's public policy seeking the prevention of increasing unemployment and the lessening of the burden placed on the unemployed worker, as well as the liberal construction the legislature has accorded the unemployment law. See §§ 443.021 & .031, Fla. Stat. (1995). We freely acknowledge that these are the announced policies of our state, but, as the Unemployment Appeals Commission explains, such policies cannot override the clearly expressed intention of the legislature, as set forth in section 443.101(1). See Unemployment Appeals Commission v. Comer, 504 So.2d 760, 761-62 (Fla.1987) (rejecting appellate court's acceptance of public policy argument that was contrary to statute as an inappropriate invasion by the judiciary into the legislative arena).
In conclusion, because there is competent, substantial evidence to support the order, and case law does not compel a contrary result, the order disqualifying claimant from receiving unemployment benefits is
AFFIRMED.
BARFIELD, C.J., and BENTON, J., concur.