DAVIS, J.,
dissenting.
I respectfully dissent to the majority’s reversal and conclusion, based on the record before this court, that the Department failed to meet its burden of proving misconduct. I would affirm the order of the Unemployment Appeals Commission.
As stated by the majority, the referee made findings of fact based on the evidence presented at the hearing. Those findings included that both claimant’s position and the department where he had been employed were transferred to the Department of Health in October 1997; that claimant’s position with the Department of Health required certification as a public accountant or internal auditor; that claimant was notified on October 3, 1997 that he had six months to secure the necessary license to be retained in the position; and that claimant did not take any actions to secure his license within the six months. Because there is no transcript of the proceeding in the record, claimant has not overcome the presumption that the appeal referee’s findings are correct. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (“When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory”); Morgan v. Pake, 611 So.2d 1315, 1316 (Fla. 1st DCA 1993)(stating that it is the responsibility of the appellant to ensure that a record adequate to permit resolution of the issues raised on appeal is *872 prepared and transmitted to the appellate court).
As argued by the Unemployment Appeals Commission, the facts support the conclusion that claimant was discharged for misconduct. Contrary to the majority’s opinion, claimant’s employment with the Department of Health from its inception in October 1997 involved an accepted and known condition, i.e., being a certified public accountant or a certified internal auditor. Claimant’s complete disregard of the condition, as evidenced by his failure to even attempt to obtain the certificate, constituted misconduct. Compare Caro v. Florida Unemployment Appeals Comm’n, 24 Fla. L. Weekly D553, — So.2d-, 1999 WL 72229 (Fla. 1st DCA Feb. 17, 1999)(awarding claimant benefits and finding no misconduct where nothing in the record indicated and the commission did not find that claimant refused to take the necessary steps for certification).
In Gulf County School Board v. Washington, 544 So.2d 288 (Fla. 1st DCA 1989), aff'd, 567 So.2d 420 (Fla.1990), this court affirmed an award of benefits to a school teacher who failed the (required) certification test three times and had been terminated due to the lack of a teaching certificate. In contrast with the claimant in the present case, the claimant in Washington made a good-faith, albeit unsuccessful, effort to comply with a known condition of employment. Although misconduct was never an issue in Washington, the Florida Supreme Court stated that “had it been shown that Washington refused to take the steps necessary to adequately prepare for the examination, it may be that he could be denied unemployment compensation benefits for misconduct.” Washington, 567 So.2d at 422.
In determining this claimant’s eligibility for benefits, the appeals referee properly found that claimant was discharged for failing to obtain the necessary license to remain in his position after he had been notified of the requirement and he made “no effort whatsoever to meet the qualifications set by the state to retain his job.” The factual basis on this record supports the conclusion that claimant’s refusal and failure to take any steps necessary to meet the qualification constituted misconduct.