WHATLEY, Acting Chief Judge.
Critical Intervention Services, Inc., the employer, appeals an order of the Unemployment Appeals Commission (UAC) denying its appeal. The UAC found that the decision of the appeals referee was in accord with the essential requirements of law and affirmed the decision. The appeals referee held that the employee, Ronald R. Langa, was entitled to unemployment compensation benefits because he voluntarily left work with good cause attributable to the employer. We reverse because there was no evidence presented at the hearing to support the appeals referee’s finding.
Section 443.101(1), Florida Statutes (2000), provides that an employee is disqualified from receiving benefits if the employee voluntarily leaves work without good cause attributable to the employer or if the employee is discharged for misconduct connected with work. Here, Langa was employed as a part-time security officer. When he began his employment, he received a temporary security license that allowed him to work. Langa then applied for a state class “D” security officer license, but his fingerprint cards were rejected three times because the prints were illegible. However, Langa still had a temporary license which enabled him to work. At the hearing before the appeals referee, Langa did not present any evidence suggesting that he could not work with a temporary license or that he would not be able to obtain a class “D” security officer license.
In Gulf County School Board v. Washington, 567 So.2d 420 (Fla.1990), at the time of hire, Washington had a temporary teaching certificate. He was unable to obtain a regular teaching certificate because he failed the teacher certification examination. After three unsuccessful attempts to pass the examination, he was discharged. The Florida Supreme Court held that Washington was not guilty of misconduct connected with work. Id. at 423. The court noted that there was no meaningful difference between an employ *465 ee who unavoidably finds he cannot meet a known condition of employment and one who is discharged for failing to measure up to the requirements of the job. Id. However, the court also noted that, if it had been shown that Washington did not take the steps necessary to adequately prepare for the exam, he could be denied benefits for misconduct. Id. at 422. In the present case, unlike the employee in Washington, Langa resigned even though he still had a valid temporary license and was able to continue working.
In Florida State University v. Florida Unemployment Appeals Commission, 548 So.2d 768, 770 (Fla. 1st DCA 1989), the court noted that if an employee makes a good faith effort to perform a known and accepted condition of his employment, that employee did not voluntarily leave his employment without good cause attributable to the employer. In the present case, Langa did not make a good faith effort to obtain a class “D” license. In order to obtain such license, he merely had to send another fingerprint card to the state. Instead, he chose to resign. Therefore, Langa did not resign with good cause attributable to his employer, and he was not entitled to receive unemployment compensation benefits. Accordingly, we reverse the order of the UAC.
Reversed.
GREEN and SALCINES, JJ. concur.