764 So.2d 850 (2000)
Ruben P. RIVERO, Appellant,
v.
MIAMI-DADE COUNTY and Unemployment Appeals Commission, Appellees.
No. 3D99-3198.
District Court of Appeal of Florida, Third District.
August 9, 2000.
*851 David T. Azrin, Miami, for appellant.
John D. Maher, Tallahassee, for Appellee, Unemployment Appeals Commission.
Before SCHWARTZ, C.J., and JORGENSON, and GERSTEN, JJ.
PER CURIAM.
Ruben Rivero ("Rivero") appeals an order of the Division of Unemployment Compensation ("Division") finding Rivero was not eligible for benefits. We reverse because there was not competent, substantial evidence to support the referee's decision.
Rivero was employed by Miami-Dade County ("County") from 1984 to May, 1999. During this period, Rivero suffered from cluster migraines which required him to occasionally be absent from work. In March, 1999, Rivero's weekly hours were reduced from 39 hours per week to 16 hours per week. As a result, Rivero resigned in May. Shortly after resigning due to his diminished work schedule, Rivero's condition worsened to the point that he was unable to work at all.
One month later, Rivero applied for unemployment compensation. On July 22, 1999, Rivero received a letter from the County which stated that Rivero was eligible to take medical leave under the federal Family and Medical Leave Act due to his serious health condition. The letter also requested additional documentation regarding his medical condition to submit to the Division. Rivero attempted to obtain the necessary documents but his doctor was unavailable until October.
Also on that day, the County responded to a letter sent by the Division which requested information regarding the circumstances of Rivero's separation with the County. The County replied that Rivero was not available to work and was on family leave. Shortly thereafter, Rivero's application for unemployment compensation was denied. Thereafter, Rivero received another letter from the County on August 6, 1999, which stated that the County considered Rivero to have abandoned *852 his position because he failed to provide the necessary documentation.
After the Division denied Rivero's benefits, Rivero timely appealed that decision based on the fact that Rivero was not on leave but had resigned in May. Although the appeals referee found that Rivero had a medical condition which prevented him from working, the referee also found that Rivero "caused the separation when he did not provide the employer with documentation for a Family Medical Leave." However, the referee's decision failed to address Rivero's claim that he separated from his employment due to a reduction in his hours. Subsequently, Rivero appealed the referee's decision to the Unemployment Appeals Commission which affirmed the referee's decision. This appeal followed.
A claimant is not entitled to unemployment compensation benefits if the claimant was discharged as a result of misconduct connected with the employment. See Webb v. Rice, 693 So.2d 1109 (Fla. 3d DCA 1997); Gilbert v. Dep't. of Corrections, 696 So.2d 416 (Fla. 1st DCA 1997). If an employer claims misconduct as the basis for terminating an employee, the employee will still be eligible for unemployment compensation if the employee separated from his or her employer with good cause. See § 443.101(1)(a)1, Fla. Stat. (1999); Livingston v. Tucker Construction & Engineering, Inc., 656 So.2d 499 (Fla. 2nd DCA 1995). In addition, Section 443.101(1)(a)1 states: "`good cause' ... includes only such cause as is attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his or her work."
Rivero asserts that the evidence supports a finding of good cause because Rivero's hours were significantly reduced. A substantial reduction in hours constitutes good cause for an employee to terminate his position and seek unemployment compensation benefits. See Wilson v. Fla. Unemployment Appeals Comm'n, 604 So.2d 1274 (Fla. 4th DCA 1992); Knapp v. Nat'l Convenience Store, 404 So.2d 380 (Fla. 1st DCA 1981).
Here, the County stipulated that Rivero never requested benefits under the Family and Medical Leave Act. In fact, Rivero stated on his benefits application that the reason he separated from his employer was because his hours were reduced. However, the referee never addressed this issue and focused the hearing on whether Rivero properly filed the appropriate papers to be granted leave. Rivero never alleged that he separated from the County due to his medical condition. The County did not dispute that Rivero's hours were reduced or that the last day he worked was at the end of May. Since the County stipulated that Rivero never sought medical leave under the Family and Medical Leave Act and the County failed to rebut Rivero's claim that he resigned due to reduced hours, we find there was not competent, substantial evidence to support the referee's decision.
Accordingly, the decision of the Division is reversed with instructions to reinstate Rivero's unemployment compensation benefits.
Reversed with instructions.