PER CURIAM.
Sese Renaud appeals the determination that she was disqualified from receiving unemployment compensation benefits because she was discharged from employment for misconduct connected with work. We affirm.
The referee’s findings in the instant case were as follows:
The claimant became employed by a business providing customer services, as a customer service representative, on January 29, 1996. During the ensuing years, the claimant acquired a less than satisfactory attendance record. On November 9, 1999, the claimant left work early, at approximately 10:00 a.m. The claimant left a signed form on her supervisor’s desk and left in order to keep an appointment with her daughter’s speech therapist at 11:00 a.m. The claimant did not request the time off beforehand because she had been told by her supervisor that sick time would not be approved for the reasons she had. The claimant would not take vacation time because she was accumulating this time for a vacation. By leaving early, her time would be labeled as “sick with pay.” On November 11, 1999, the claimant left at approximately 11:30 a.m., after placing a leave form on the supervisor’s desk and telling a co-worker that she was leaving. The claimant had cramps in her fingers. On November 15, 1999, the next workday, the claimant was approximately one horn* and twenty minutes late because of traffic problems. The claimant did not bring to work any proof of the reason *1227 she was out early on the two days. The claimant was discharged for job abandonment effective November 15, 1999.
In the portion of the referee’s decision designated “Conclusions of Law,” the referee concluded in pertinent part:
The hearing testimony reveals the claimant was discharged after she left work early on two separate occasions without permission or without advising any supervisor. The record shows the claimant left early on November 9, 1999, in order to keep an appointment with her daughter’s speech therapist but did not request the time off beforehand because she would have been required to use vacation time. The claimant was in fact taking time off under false [pretenses]. The record further shows the claimant left early on November 11, 1999, because she was sick but she did not bother to tell a supervisor or someone with certain authority to grant her permission. Simply because the supervisor was not at her desk at the time, did not provide the claimant with the authority to walk out.
The claimant timely appealed the appeals referee’s determination to the Unemployment Appeals Commission. The Commission affirmed the referee’s decision holding the claimant disqualified.
The record reveals that the order of the Unemployment Appeals Commission is supported by substantial competent evidence. See Smith v. Krugmartr-Kadi, 547 So.2d 677 (Fla. 1st DCA 1989). Section 443.036 Florida Statutes (1999) provides:
(29) Misconduct. — “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
The finding that the claimant left work early, without permission or without advising any supervisor, on two separate occasions, supports the Commission’s decision that the claimant was discharged from employment for misconduct connected with work. See Barragan v. Williams Island, 568 So.2d 106 (Fla. 3d DCA 1990)(holding a waiter’s subsequent violation of a work rule requiring him to notify his supervisor of anticipated absences daily, after he had previously been disciplined for relying on coworker to transmit message to supervisor, was “misconduct” warranting denial of unemployment compensation benefits); Washington v. Burdines, 422 So.2d 932 (Fla. 3d DCA 1982)(concluding substantial competent evidence supported Unemployment Appeals Commission’s finding that claimant, who took a day off from his employment without obtaining the required permission from the appropriate supervising personnel, was discharged for misconduct connected with his work and was ineligible for unemployment compensation benefits).
Accordingly, we affirm the order under review.
GREEN, J. and NESBITT, Senior Judge, concur.