787 So.2d 954 (2001)
Bridget M. MANNING, Appellant,
v.
STATE of Florida UNEMPLOYMENT APPEALS COMMISSION, and Advantage Home Care, Appellees.
No. 4D00-1810.
District Court of Appeal of Florida, Fourth District.
June 13, 2001.
Bridget M. Manning, Oakland Park, pro se.
John D. Maher, Tallahassee, for Appellee State of Florida Unemployment Appeals Commission.
PER CURIAM.
In this unemployment compensation case, the appeals referee found that appellant quit her job with Advantage Home Care because her work assignments dropped to six hours a day. The referee determined that this reason for terminating employment made her ineligible for unemployment benefits, since the employer did not guarantee a specific number of hours at the time of hire.
*955 "Good cause attributable to the employer" has been defined as "those circumstances which would impel the average, able bodied, qualified worker to give up employment." Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106, 1107 (Fla. 5th DCA 1990).
The third district recently held in Rivero v. Miami-Dade County, 764 So.2d 850, 852 (Fla. 3d DCA 2000), that "[a] substantial reduction in hours constitutes good cause for an employee to terminate his position and seek unemployment compensation benefits." Other courts have come to similar conclusions, finding that a reduction, or a change, in hours or salary may constitute "good cause attributable to the employer" allowing employee to terminate employment and remain eligible for benefits. See Miller v. Fla. Unemployment Appeals Comm'n, 768 So.2d 1218, 1220 (Fla. 4th DCA 2000) (stating that a reduction in income provided the employee with good cause to terminate his employment); Aleman v. Unemployment Appeals Comm'n, 733 So.2d 602, 602 (Fla. 3d DCA 1999) (stating that lack of available work constituted "good cause attributable to the employer"); LeCroy v. Unemployment Appeals Comm'n, 654 So.2d 1054, 1056 (Fla. 1st DCA 1995) (stating that a 5% decrease in pay was good cause attributable to an employer); Platt v. Unemployment Appeals Comm'n, 618 So.2d 340, 341 (Fla. 2d DCA 1993) (finding that a change in an employee's schedule which caused the employee to work excessive hours was sufficient cause for the employee to terminate employment and still be eligible for benefits); Knapp v. Nat'l Convenience Store, 404 So.2d 380, 381 (Fla. 1st DCA 1981) (indicating that a reduction in hours from 56 to 16 hours per week warranted a finding of good cause for termination attributable to the employer).
It does not matter that the employer was entitled to change the employee's hours under the employment agreement. The employer's right to change the conditions of employment is relevant to whether a breach of the employment contract occurred, but is not relevant to the employee's entitlement to unemployment compensation. See Ferguson v. Henry Lee Co., 734 So.2d 1161, 1162 (Fla. 3d DCA 1999).
Consistent with these cases, we reverse and remand for the appeals referee to consider whether the reduction in Manning's hours was substantial enough to constitute "good cause attributable to the employer."
POLEN, GROSS and TAYLOR, JJ., concur.