NESBITT, Senior Judge.
A former Wal-Mart employee appeals a Florida Unemployment Appeals Commission affirmance of an appeals referee’s determination that claimant had been discharged for “misconduct” connected with work by reason of excessive absenteeism. We reverse because the record shows the appeals referee’s determination is not supported by competent substantial evidence, and the employer did not carry its burden of proving misconduct.
After the employee’s termination, the claims and benefits adjuster originally determined that:
The claimant was discharged for absenteeism, which was due to circumstances beyond the claimant’s control. In accordance with section 443, Florida Statutes, benefits are payable because the discharge was for reasons other than misconduct connected with the work.
The employer, Wal-Mart, through its agent, the Frick Company, appealed this initial determination, triggering a telephone hearing conducted by an appeal’s referee.
The employee, Mr. Hoyos, testified that he broke his big toe which caused the toenail to fall off, and that the toenail which grew back was an in-grown toenail, causing him considerable pain and lasting for several months. It was uncontroverted that the employee’s painful broken toe and recurring ingrown toenail, which twice had to be removed, led to the employee being unable to perform his duties on a number of days over a period of months.
In reviewing the appeals referee’s finding of misconduct we are guided by Mason v. Load King Mfg. Co., 758 So.2d 649, 654-55 (Fla.2000):
In order to prove misconduct under Tallahassee Housing Authority, era- *781 ployers have the burden of demonstrating both excessiveness and mlfulness in the employees actions. The term “unauthorized” implicitly connotes an element of mlfulness because it means that the absences were unexcused and without permission of the employer. By “unauthorized absences,” we are generally referring to those absences where the employee has wilfully chosen to violate her fundamental obligation to an employer to come to work and carry out her assigned duties, (emphasis added).
Our review of the record shows that, while there were certainly a large number of absences, they were largely excused or ignored.
[BJefore an award of unemployment benefits can be denied, the employer must prove misconduct by satisfying the heavy burden of proving “excessive unauthorized absenteeism.”
Mason v. Load King Mfg. Co., supra, at 656. Because the employer did not meet its “heavy burden” on the issue of wilfulness and there was no competent substantial evidence to support the finding of “misconduct,” we must reverse. Randy International, Ltd. v. American Excess Corp., 501 So.2d 667 (Fla. 3d DCA 1987)(If lower tribunal’s decision is not supported by competent substantial evidence it becomes duty of District Court of Appeal to reverse).
First, the appeal’s referee made no effort to determine whether Mr. Hoyos’ absences were approved or unapproved. The employee’s testimony that he had consistently advised the employer in advance he would be absent due to medical reasons was not controverted other than as to one specific date.[1] Other than the one date identified on which the employee failed to call in an absence, there is nothing in the record disputing the employee’s testimony that all of his absences were called in, in advance, and were the result of his medical problems.
[T]o prove “excessive unauthorized absenteeism,” an employer must prove more than one act.
Mason v. Load King Mfg. Co., supra, at 654. The employee handbook introduced below specifically lists absences due to medical emergencies as “approved absences.”
Next, the appeals referee’s finding that the employee received two written warnings for unapproved absences is incorrect and flatly contradicted by the record. While one entry in the employee’s personnel file does specify a single date on which there was an absence with no advance notification, the other purported written warning for excessive absences was in fact for socializing with co-workers and returning back late from lunch on one occasion, matters which were not claimed to be either “misconduct” or the reason for the employee’s termination.
Tellingly, in the exit interview signed by the facility manager Lamar Thomas, when the employee was terminated, Mr. Thomas recommended that he be re-hired. The *782 record supports the original determination that the claimant was discharged for absenteeism which was due to circumstances beyond his control, and does not support the finding of misconduct.
[A]wards determinations must be made against the backdrop that the remedial aspect of the unemployment compensation statutory scheme requires a liberal construction in favor of awarding benefits. See St. Joe Paper Co. v. Gautreaux, 180 So.2d 668 (Fla. 1st DCA 1965). The denial of unemployment benefits is a very serious consequence with very serious repercussions for employees, adopted by the Legislature only to deter misconduct in the employment context. As such, awards determinations under this statutory scheme should not be taken lightly and should not be made via a mere technical and formalistic procedure.
Mason v. Load King Mfg. Co., supra, at 655. Accordingly, we reverse the order of the Unemployment Appeals Commission and direct that the original determination of the claims and benefits adjuster be reinstated.

. Instead of determining whether the absences were unauthorized, or whether the employee had given advance notice, the appeals referee simply asked whether the absences were "scheduled” or "unscheduled,” an inquiry which does not shed light on the issue of misconduct:
REFEREE: Now these absences were they scheduled or unscheduled?
EMPLOYER: Unscheduled, that’s why they were absences.
REFEREE: They were what?
EMPLOYER: They were scheduled, unscheduled; he was scheduled to work them.
REFEREE: So but he, unscheduled absences and absences, oh never mind. The fact is that he was supposed to work on these particular days?
EMPLOYER: That is correct.