MAY, J.
An employee appeals the denial of unemployment benefits. He argues, that he is unemployed through no fault of his own. We agree and reverse.
In January 1995, the employee was hired on a full-time basis. Nine months later, he reqüested to limit his work to Saturdays and Sundays. His employer agreed and changed his work schedule to include only Saturdays and Sundays.
Nearly eight years later, on July 29, 2003, the employer told him that he had to work on Wednesdays if he wanted to keep his job. The employee explained that it would be difficult for him because he cared for his elderly parents. Because he did not want to lose his job,- he acquiesced. He began to work on Wednesdays in addition to his weekend schedule.
One Wednesday while he was working, his 'mother injured herself, requiring surgery. The surgery was scheduled for September 11, 2003. The weekend before the surgery, the employee explained to his employer that his mother’s chances of surviving the surgery were 50/50. He provided the employer with Medicare statements proving that his father was a hospice home patient and that his mother used a wheelchair and hospital bed. The employee told the employer he could still work weekends, but. could not continue to work on Wednesdays until he could get help for his father.
The employer responded that he needed an employee who could work three days per week. He- wanted' the employee to work the upcoming weekend. It was then mutually agreed that Sunday would be the employee’s last day.
The appeals referee denied unemployment benefits. The Unemployment Appeals Commission [UAC] affirmed. However, the UAC Chair dissented.' It is from this decision that the employee appeals.
One of the circumstances under which the law allows for unemployment compensation is when the employer causes the employee to quit. See §' 443.101(l)(a)l, Fla. Stat. (2003). The issue then is whether the employee’s voluntary termination in this case was for good cause attributable to the employer. Good cause is defined as “those circumstances which would impel the average, able bodied, qualified worker to give up employment.” Manning v. Unemployment Appeals Comm’n, 787 So.2d 954, 955 (Fla. 4th DCA 2001) (quoting Ritenour v. Unemployment Appeals Commission, 570 So.2d 1106, 1107 (Fla. 5th DCA 1990)).
The employee in this case complied with the employer’s demands. Under threat of *510 termination, he began working Wednesdays, leaving his mother alone. After his mother fell while he was at work on the day that had been added to his schedule, the employer refused to adjust his work schedule back to weekends only, as it had been for nearly eight years. This left the employee with no option but to quit.
As the dissent noted in the UAC opinion:
[T]he claimant had only begun working on Wednesdays five weeks before his separation. He did so only upon being informed, “if he could not, his employment would come to an end.” If he had rejected the employer’s demand at that time and was subsequently separated as a result, the Commission would find that his separation was for good cause, as the employer’s mandate of an additional work day was a substantial change to the terms and conditions of the claimant’s employment.... By denying the claimant’s claim on the basis of his “accepting” the additional workday, the Commission is penalizing the claimant for his short-lived attempt to preserve his employment.
We agree with the observation made by the UAC Chair. Under the facts of this case, the employee’s termination was for good cause attributable to his employer. We therefore reverse the UAC decision and remand the case for an award of unemployment benefits.
REVERSED and REMANDED.
KLEIN J., and HOROWITZ, ALFRED J., Associate Judge, concur.