880 So.2d 814 (2004)
Saundra L. BLODGETT, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D03-3678.
District Court of Appeal of Florida, First District.
August 13, 2004.
Pro se, for Appellant.
John D. Maher, Tallahassee, for Appellee.
*815 BROWNING, J.
Saundra L. Blodgett (Appellant) appeals an order of the Unemployment Appeals Commission (UAC) denying her unemployment benefits. Appellant argues that UAC's order should be reversed because she did not commit misconduct as defined by section 443.036(29), Florida Statutes (2002). We agree and reverse.
On September 5, 2002, Appellant went on leave from her employment under the Federal Medical Leave Act (FMLA) due to complications with her pregnancy. Because she was not expected to give birth until December 27, 2002, Appellant planned to take three months of personal leave after her FMLA leave expired on November 28, 2002. Appellant was instructed to submit a written request for each 30-day period of personal leave. Personal leave was to be granted 30 days at a time. Appellant received leave forms from her employer on December 20, 2002. Appellant's employer advised her that her leave would expire on December 28, 2002, and that failure to return the leave forms may jeopardize her job.
Appellant gave the leave forms to her doctor to fill out on December 23, 2002, when she had an appointment. Although the paperwork was completed on January 3, 2003, Appellant was unable to pick up and mail the forms to her employer until January 14, 2003, because she was not medically released to drive until that date. Appellant was discharged on January 14, 2003, for failure to request personal leave. At the hearing conducted on whether Appellant was entitled to unemployment benefits, the hearing officer determined that, because Appellant's actions constituted misconduct, she was not entitled to benefits. The UAC affirmed this determination.
Section 443.036(29), Florida Statutes (2002), defines misconduct as
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
An employee's actions sufficient to justify discharge from employment do not necessarily constitute misconduct sufficient to bar recovery of unemployment benefits. McCarty v. Florida Unemployment Appeals Comm'n, 878 So.2d 432, 2004 WL 1531741 (Fla. 1st DCA July 9, 2004). As applied to attendance, this level of misconduct is presumed when an employer shows proof of "excessive unauthorized absenteeism"; the burden then shifts to the employee to refute this presumption. Mason v. Load King Mfg. Co., 758 So.2d 649, 654 (Fla.2000). A court must consider an employee's entire course of conduct surrounding the absences; proof of one act is insufficient to demonstrate excessive unauthorized absenteeism. Id. Courts must construe the statute liberally in favor of the employee. Id. at 655.
Under a liberal construction of section 443.036, Appellant did not commit misconduct. Although Appellant did have excessive unauthorized absences, Appellant successfully rebutted the presumption that the absences constituted misconduct as defined by statute. Appellant's attempts to comply with the requirements of her employer demonstrate that her conduct did not rise to the level of willful or deliberate disregard of her employer's interests. Cf. C.F. Indus. Inc. v. Long, 364 *816 So.2d 864, 865 (Fla. 2d DCA 1978) (no recovery of unemployment benefits where employee had a record of "twenty-two separate instances of excessive tardiness, excessive absenteeism, violation of safety rules, failure to report an accident involving injury, and unsatisfactory performance"). Unlike other decisions upholding the denial of unemployment compensation because of absenteeism, Appellant was not being dishonest, was not malingering, and was unable to work for health reasons. See Mason, 758 So.2d at 652 (misconduct found where employee was late or absent more times in four-month period than would be allowed in a year, and continued to be late after suspension); Renaud v. Precision Response Corp., 773 So.2d 1226 (Fla. 3d DCA 2000) (misconduct found where employee took afternoon off as sick leave rather than vacation time because she did not want to use vacation time, and was late); Clay County Sheriff's Office v. Loos, 570 So.2d 394 (Fla. 1st DCA 1990) (misconduct where employee was absent once to attend radar class, notwithstanding employer's denial of request to take class, and where there was no evidence that employee believed he had permission). Appellant's repeated absences for health reasons may be grounds for discharge but do not constitute misconduct sufficient to preclude receipt of unemployment benefits. See Franklin v. Unemployment Appeals Comm'n, 841 So.2d 682 (Fla. 2d DCA 2003); Hoyos v. Wal-Mart Assoc. Inc., 844 So.2d 779 (Fla. 3d DCA 2003). Moreover, Appellee was aware that Appellant was medically unable to work, and Appellee was not prejudiced by Appellant's expected absence. Appellee was merely inconvenienced by Appellant's late-filed paperwork reflecting her medical condition, which was well-known to Appellee. This does not constitute misconduct.
REVERSED and REMANDED, with instructions to enter an award of unemployment benefits to Appellant.
BENTON and POLSTON, JJ., concur.