STONE, J.
We reverse an order of the Unemployment Appeals Commission, affirming an appeals referee’s decision denying benefits.
Large was employed by the Department of Children and Families (DCF). The rec-' ord reflects that Large, on disability and taking medication for health problems at the time he commenced employment, experienced escalated stress and anxiety levels with the intensified demands of an increasing workload which adversely impacted his health. Large asked his supervisor for reassignment on several occasions. When his supervisor declined to transfer him, Large quit. No one disputes that Large had health problems. In fact, several months prior to his resignation, DCF had given him time off to deal with these issues based on his doctor’s recommendation.
It is undisputed that good cause includes illness or disability of the claimant, requiring separation from work. DCF’s defense to Large’s claim is that he did not make an additional effort to retain employment by asking for family leave before resigning, ensuring a job to return to once leave was concluded. The referee agreed that, for this reason, he voluntarily left without good cause.
We conclude that the commission order is clearly erroneous because it fails to recognize that the referee’s decision misapplies the law to the facts.
Failure to apply for family leave did not preclude the claimant from eligibility. A claimant qualifies for benefits unless he or she left employment without good cause attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his or her work. § 443.101(l)(a)(l), Fla. Stat.; Stanick v. T & B Metal Works, Inc., 867 So.2d 523, 523 (Fla. 1st DCA 2004). In determining this, the proper inquiry “should be whether the individual is physically unable to perform the job duties,” Krulla v. Barnett Bank, 629 So.2d 1005, 1007 (Fla. 4th DCA 1993), not whether the individual first applied for family leave. The statute does not impose a requirement on sick employees to needlessly exhaust family leave options. There is no indication in the record that the employer offered or suggested that the proposed leave be with pay.
We also note that the provision regarding illness or disability has been construed broadly so that a family member’s medical emergency can also be deemed good cause to leave. Szniatkiewicz v. Unemployment Appeals Comm’n, 864 So.2d 498 (Fla. 4th DCA 2004).
In Rivero v. Miami-Dade County, 764 So.2d 850 (Fla. 3d DCA 2000), a worker suffered debilitating migraine headaches which resulted in absences and a reduction in his hours. The referee found that Rive-ro had a medical condition which prevented him from working, but that he had caused his separation by not providing information to perfect an application for medical leave. The Third District reversed the denial of benefits because there was no evidentiary support for the referee’s decision, but also recognized that the referee had incorrectly focused the hearing on whether Rivero had properly applied for leave. Id.
Similarly, in Blodgett v. Unemployment Appeals Commission, 880 So.2d 814 (Fla. 1st DCA 2004), a worker, already on leave for pregnancy complications, failed to properly submit paperwork necessary to *1068 extend her leave time. The employer discharged her and, after denial of claimed benefits, the appeals referee determined that she was disqualified for misconduct. Id. The First District reversed, finding that the claimant was unable to work for health reasons, and her employer was merely inconvenienced by her late paperwork. The failure to extend family leave was not misconduct and did not preclude receipt of benefits. Id. at 816. See also Grossman v. Jewish Comty. Ctr. of Greater Ft. Lauderdale, 704 So.2d 714, 717 (Fla. 4th DCA 1998) (holding that failure to utilize internal procedures that were not feasible should not disqualify a claimant).
Here, the record reflects that Large, without re-assignment, was medically unable to continue employment with DCF.
Therefore, the order is reversed, and we remand for benefits to be reinstated.
FARMER and MAY, JJ., concur.