*272
 
 PER CURIAM.
 

 Appellant appeals from a final order of the Unemployment Appeals Commission (“Commission”) denying his request for unemployment compensation benefits. We reverse and remand.
 

 Appellant filed a claim for unemployment compensation benefits after separating from his employment as a prep cook. The claims adjuster denied his claim, finding that “the reason for quitting was not attributable to the employer.” Appellant filed an appeal arguing that his hours were cut so severely that he spent more money getting to work than he actually earned. After hearing, the appeals referee set forth the following findings of fact:
 

 [Appellant] was employed as a prep cook for an employee leasing company beginning in November 2007. [Appellant] informed the employer he was not getting enough hours of work. The employer informed [Appellant] that they were (sic) going to be opening another restaurant and his hours could then be increased. [Appellant] walked out in the middle of his shift on or about May 4, 2008, and quit the position because he believed he was not getting enough hours of work.
 

 The referee then concluded that because Appellant left his employment due to the hours of work, the employer did not cause Appellant to leave. Therefore, the referee determined that Appellant was disqualified from receiving unemployment benefits. The Commission issued its final order affirming the referee’s decision.
 

 An employee who voluntarily leaves his employment without good cause attributable to the employer is not eligible for unemployment compensation benefits.
 
 Brown v. Unemployment Appeals Comm’n,
 
 633 So.2d 36, 38 (Fla. 5th DCA 1994) (citing § 443.101(l)(a), Fla. Stat. (1991)). “ ‘Good cause’ for voluntarily quitting are those circumstances which would impel the average, able bodied, qualified worker to give up his employment.”
 
 Ritenour v. Unemployment Appeals Comm’n,
 
 570 So.2d 1106, 1107 (Fla. 5th DCA 1990). A reduction in hours or salary may constitute good cause attributable to the employer, which would allow an employee to voluntarily terminate his employment and still remain eligible for unemployment benefits.
 
 Manning v. State Unemployment Appeals Comm’n,
 
 787 So.2d 954, 955 (Fla. 4th DCA 2001).
 

 In
 
 Manning,
 
 the referee found that the employee quit her job because her hours had dropped to only six hours per day. The referee determined that because the employer did not guarantee a specific number of hours at the time of hire, the employee was not eligible for unemployment benefits. Our sister court noted, however, that the employer’s right to change the conditions of employnent is irrelevant in determining the employee’s entitlement to unemployment compensation. It reversed and remanded for the referee to consider whether the reduction in the employee’s hours was substantial enough to constitute good cause attributable to the employer.
 
 Id.
 

 Here, Appellant testified that he separated from his employment based on a significant reduction in his hours. The employer did not dispute Appellant’s testimony that his hours had been cut and he was only working one to two days per week, sometimes for only one hour at a time. Instead, the employer testified that he asked Appellant if he could “hang on ... a little longer? You know, we’re opening this new place. Maybe, you know, you can come over here.” The employer never provided any testimony specific to Appellant’s hours, but simply testified that Appellant was never promised a specified number of hours per week.
 

 
 *273
 
 We reverse and remand for consideration of whether the reduction in Appellant’s hours was substantial enough to constitute good cause attributable to the employer.
 
 See also Rivero v. Miami-Dade County,
 
 764 So.2d 850 (Fla. 3d DCA 2000) (reinstating unemployment compensation benefits where employer never disputed employee’s hours were cut).
 

 REVERSED AND REMANDED.
 

 ORFINGER, TORPY and LAWSON, JJ., concur.