PER CURIAM.
Joseph Logalbo, claimant, appeals an order of the Unemployment Appeals Commission (UAC), denying him unemployment benefits. Claimant argues the UAC’s order should be reversed because he did not commit misconduct as defined by section 443.036(30), Florida Statutes (2011). The issue is whether claimant committed misconduct because of “excessive unauthorized absenteeism,” and whether claimant attempted to comply with the employer’s directives to supply documentation in accordance with the Family Medical Leave Act (FMLA). Because the appeals referee and the UAC failed specifically to address the reasonableness of claimant’s attempts to comply, we reverse and remand with directions to address this issue.
Misconduct is presumed when the employer establishes excessive unauthorized absenteeism by a claimant. See Mason v. Load King Mfg. Co., 758 So.2d 649, 654 (Fla.2000); Tallahassee Housing Auth. v. UAC, 483 So.2d 413, 414 (Fla.1986). The claimant has the burden to overcome the presumption. Id.
In Blodgett v. Florida Unemployment Appeals Commission, 880 So.2d 814 (Fla. 1st DCA 2004), we addressed a claimant’s attempt to overcome the presumption of misconduct by presenting evidence that she attempted to comply with the employer’s directive to provide documentation concerning the absences. We held where there were reasonable attempts to comply with the directives of the employer, the “conduct did not rise to the level of willful or deliberate disregard of her employer’s interests.” Id. at 815.
In Florida State University v. Florida Unemployment Appeals Commission, 548 So.2d 768, 770-71 (Fla. 1st DCA 1989), another case dealing with a claimant’s attempt to provide documentation concerning absences, we reversed and remanded the denial of benefits because there was no specific finding concerning the claimant’s “good faith effort to comply with the conditions of employment.”
In light of these cases, we find the appeals referee must make a specific factual determination concerning the reasonableness of a claimant’s effort to comply. Here, the focus of the appeals referee’s order was whether claimant was properly advised on how to comply with the FMLA and whether he actually complied. There is no specific determination concerning the reasonableness of claimant’s efforts to comply. In light of Blodgett and Florida State University, where a claimant pres *938 ents evidence concerning an attempt to comply, such a specific finding is required. We, therefore, remand for the appeals referee to address this issue.
We also feel it is incumbent upon us to address the issue of attorney’s fees. Claimant’s attorney has moved for fees pursuant to section 443.041(2)(b), Florida Statutes (2011), which provides:
An attorney at law representing a claimant for benefits in any district court of appeal of this state or in the Supreme Court of Florida is entitled to counsel fees payable by the department as set by the court if the petition for review or appeal is initiated by the claimant and results in a decision awarding more benefits than provided in the decision from which appeal was taken. The amount of the fee may not exceed 50 percent of the total amount of regular benefits permitted under s. 443.111(5)(b) during the benefit year.
The UAC concedes that if claimant prevails and is awarded more benefits than he would have received under the decision below, attorney’s fees should be granted.
Although there appears to be no case from this court outlining the procedure for awarding attorney’s fees in unemployment cases, the Second and Third Districts have different methods by which they proceed. In Riveras v. Unemployment Appeals Commission, 884 So.2d 1143, 1146 (Fla. 2d DCA 2004), the court directed that if the parties could stipulate to an amount of fees, they should file their stipulation with the court. If not, the appeals referee would hold an evidentiary hearing and file a recommended order with the court consistent with the principles announced in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Id.
However, the Third District in Cheung v. Executive China Doral, Inc., 638 So.2d 82, 84-85 (Fla. 3d DCA 1994), noted the statute directs the court to set a fee. The court found it would, by a separate order, appoint a commissioner to hear evidence, make findings under Rowe, and render a recommendation regarding attorney’s fee orders. Id. We find in light of the fact that the appeals referee has already heard this case, the procedure adopted by the Second District in Riveras promotes judicial efficiency. Therefore, if claimant is ultimately successful in obtaining benefits, and the parties cannot reach an agreement as to fees, the appeals referee shall hold an evidentiary hearing and file a recommended order with this court regarding fees.
REVERSED and REMANDED.
WOLF and CLARK, JJ., concur; WETHERELL, J., dissents with opinion.